**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **REBECCA STOERMANN-SNELSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 07-2214-KHV** |
| **ST. LUKE'S HEALTH SYSTEM,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

Rebecca Stoermann-Snelson brings suit against St. Luke's Health System alleging discrimination on the basis of age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., (Count I),[1] and wrongful discharge under Kansas law (Count II). This matter comes before the Court on Defendant's Motion For Judgment On The Pleadings (Doc. #17) filed August 6, 2007. Plaintiff, who is represented by counsel, has not responded. Under D. Kan. Rule 6.1(d)(2), plaintiff's response was due August 29, 2007. Under D. Kan. Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." For that reason, and reasons stated below, the Court sustains defendant's motion.

**Legal Standards**

A motion for judgment on the pleadings under Rule 12(c), Fed. R. Civ. P., is governed by the

---

[1] Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Title VII does not prohibit discrimination on the basis of age. Because plaintiff purports to bring her age discrimination claim under Title VII, the Court orders plaintiff to show good cause in writing on or before **December 31, 2007**, why it should not dismiss the claim for failure to state a claim on which relief can be granted.

same standards as a motion to dismiss under Rule 12(b)(6).  See Atl. Richfield Co. v. Farm Credit Bank, 226 F.3d 1138, 1160 (10th Cir. 2000); Mock v. T.G. & Y., 971 F.2d 522, 528 (10th Cir. 1992).  Under Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff.  See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006).  Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved).  In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face.  Bell Atlantic Corp., 127 S. Ct. at 1974.

## Analysis

Plaintiff alleges that "[f]earing a dangerous patient-to-staff ratio, [she] filed several staffing complaints with her supervisors," and that defendant terminated her employment in retaliation for her "reports of poor patient-to-staff ratios which violate public policy and other safety related issues." [First] Amended Complaint (Doc. #14) filed July 23, 2007 ¶¶ 13, 24.  Kansas subscribes to the doctrine of employment at will.  Absent an express or implied contract of fixed duration, or where recognized public policy concerns are raised, employment is terminable at the will of either party.  Frye v. IBP, Inc., 15 F. Supp.2d 1032, 1046 (D. Kan. 1998).  One exception to this general rule is termination for whistleblowing.  See Palmer v. Brown, 242 Kan. 893, 900, 752 P.2d 685, 689-90 (1988). Under Kansas law, plaintiff establishes a prima facie case of retaliation for whistleblowing by showing that (1) a reasonably prudent person would have concluded that plaintiff's co-worker or employer was violating

rules, regulations or the law pertaining to public health, safety and general welfare; (2) the whistleblowing was done in good faith based on a concern regarding that wrongful activity, rather than a corrupt motive like malice, spite, jealousy or personal gain; (3) the employer knew of the employee's report before it discharged the employee; and (4) defendant discharged the employee in retaliation for making the report.  See Goodman v. Wesley Med. Ctr., L.L.C., 276 Kan. 586, 589-90, 78 P.3d 817, 821 (2003) (citing Palmer, 242 Kan. at 900, 752 P.2d at 689-90).

Defendant argues that it is entitled to judgment on the pleadings as to plaintiff's whistleblower claim because the complaint does not allege that defendant's actions violated rules, regulations or laws pertaining to public health, safety and general welfare.  Under Kansas law, whistleblower protection covers the reporting of matters related to public health, safety or welfare, but does not extend to merely reporting suspected failures to comply with internal company policies or procedures unrelated to such laws.  Taylor v. Home Depot USA, Inc., 506 F. Supp.2d 504, 520 (D. Kan. 2007).  Here, the complaint alleges that plaintiff "feared" that defendant maintained a "dangerous" patient-to-staff ratio.  It does not allege that defendant actually maintained a dangerous patient-to-staff ratio, let alone a patient-to-staff ratio which a reasonable person would consider to violate the laws pertaining to public health, safety and general welfare.  Plaintiff's subjective opinion as to defendant's staffing does not state a claim for violation of an applicable rule, regulation or law.  See Balfour v. Medicalodges, Inc., No. 05-2086-KHV, 2006 WL 3760410, at *15 (D. Kan. Dec. 19, 2006) (plaintiff's general opinion regarding staffing does not establish necessary violation; allowing retaliatory discharge claims based on personal opinion would destroy employment at will doctrine).  Even under the liberal notice pleading standard, plaintiff must "identify what she believed [defendant] had done to violate specific policies, regulations or laws." Diebold v. Sprint/United Mgmt. Co., No. 01-2504-KHV, 2002 WL 1071923, at *4 (D. Kan. Apr. 29,

2002). Because plaintiff does not allege that defendant violated any law pertaining to public health, safety and general welfare, defendant is entitled to judgment on the pleadings under Rule 12(c).

**IT IS THEREFORE ORDERED** that Defendant's Motion For Judgment On The Pleadings (Doc. #17) filed August 6, 2007 be and hereby is **SUSTAINED**. Plaintiff's wrongful discharge claim under Kansas law (Count II) is dismissed.

**IT IS FURTHER ORDERED that plaintiff shall show good cause in writing on or before December 31, 2007, why the Court should not dismiss her age discrimination claim under Title VII (Count I) for failure to state a claim on which relief can be granted.**

Dated this 17th day of December, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge