**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **REBECCA STOERMANN-SNELSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 07-2214-KHV** |
| **ST. LUKE'S HEALTH SYSTEM,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

<u>**MEMORANDUM AND ORDER**</u>

Rebecca Stoermann-Snelson brings suit against St. Luke's Health System alleging discrimination on the basis of age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e <u>et seq.</u> (Count I), and wrongful discharge under Kansas law (Count II). On December 18, 2007, the Court sustained defendant's motion for judgment on the pleadings and dismissed plaintiff's wrongful discharge claim because the complaint did not allege that defendant violated any law pertaining to public health, safety and general welfare. <u>See Memorandum And Order And Order To Show Cause</u> (Doc. #26) at 4. Also, because Title VII does not prohibit age discrimination, the Court ordered plaintiff to show cause why it should not dismiss her age discrimination claim for failure to state a claim. <u>See id.</u> at 1 n.1. This matter comes before the Court on <u>Plaintiff's Motion To Reconsider And For Leave Of Court To File Second Amended Complaint Out Of Time</u> ("<u>Plaintiff's Motion</u>") (Doc. #28) filed December 19, 2007, and <u>Plaintiff's First Amended Motion To Reconsider And For Leave Of Court To File Third Amended Complaint Out Of Time</u> (Doc. #42) filed February 18, 2008, which the Court construes as a motion to substitute

the proposed second amended complaint.[1]  For reasons stated below, the Court overrules the motions, but finds that plaintiff's age discrimination claim should not be dismissed for failure to state claim.

## **Background**

On May 15, 2007, plaintiff filed her complaint which alleged age discrimination in violation of Title VII and state law claims for wrongful discharge and slander.  See Complaint (Doc. #1).  On July 5, 2007, defendant moved for judgment on the pleadings as to the wrongful discharge and slander claims.  See Defendant's Motion For Judgment On The Pleadings (Doc. #4).  On July 16, 2007, plaintiff filed an unopposed motion to amend the wrongful discharge claim and delete the slander claim.  See Motion To Amend Complaint (Doc. #9).  The Court granted plaintiff leave to file her first amended complaint, see Order (Doc. #13) filed July 16, 2007, and overruled as moot defendant's motion for judgement on the pleadings, see Order (Doc. #15) filed July 31, 2007.  On July 23, 2007, plaintiff filed her first amended complaint which alleged age discrimination in violation of Title VII and wrongful discharge in violation of Kansas law.  See [First] Amended Complaint (Doc. #14).

Plaintiff has attached to her motion police reports which indicate that on July 29, 2007, an unknown person broke into her attorney's office and stole three laptop computers.  See Exhibit 1 attached to Plaintiff's Motion (Doc. #28).

On August 6, 2007, defendant again moved for judgment on the pleadings on plaintiff's wrongful discharge claim.  See Defendant's Motion For Judgment On The Pleadings (Doc. #17).  Defendant certified that it served the motion on plaintiff through the Court's electronic filing system

---

[1]      Plaintiff's amended motion does not contain any substantive argument.  Plaintiff simply attaches a proposed complaint which includes additional allegations from her previously proposed second amended complaint.

and United States mail.  Id. at 2.  Plaintiff did not respond.

On August 15, 2007, the Court conducted a telephone scheduling conference at which plaintiff appeared through counsel.  See Scheduling Order (Doc. #20) filed August 15, 2007 at 1.  The scheduling order noted that "[o]n August 6, 2007, defendant filed a motion for judgment on the pleadings (doc. 17)."  Id. at 8.  It ordered that "[a]ny motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by **September 14, 2007**."  Id.  On September 21, 2007, Magistrate Judge James P. O'Hara reviewed the settlement reports which the parties submitted in accordance with the scheduling order and determined that the Court would not order mediation.  See Mediation Minute Order (Doc. #25).

On December 18, 2007, the Court sustained defendant's second motion for judgment on the pleadings and dismissed plaintiff's wrongful discharge claim because the complaint "[did] not allege that defendant violated any law pertaining to public health, safety and general welfare." Memorandum And Order And Order To Show Cause (Doc. #26) at 4.  Plaintiff requests reconsideration of the Court's order and leave to file a second amended complaint.  On December 18, 2007, the Court also ordered plaintiff to show cause why it should not dismiss her claim for age discrimination because Title VII does not prohibit such discrimination.  See id. at 1 n.1.  Plaintiff has not directly responded to the order to show cause.

## Analysis

**I.     Motion To Reconsider**

Plaintiff brings her motion to reconsider under Rule 60(b)(1), Fed. R. Civ. P., which permits the Court to grant relief from a final order or judgment in the case of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b).  Because Rule 60(b) applies only to final orders or

judgments, it does not govern motions to reconsider any order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties.  Raytheon Constructors, Inc. v. Asarco Inc., 368 F.3d 1214, 1217 (10th Cir. 2003) (citing Fed. R. Civ. P. 54(b)).  Here, the Court has not entered a final order or judgment and will not apply Rule 60(b) to the motion to reconsider.  Instead, D. Kan. Rule 7.3(b) provides that "[a] motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."

Plaintiff argues that the Court should reconsider its order dismissing her wrongful discharge claim because her failure to respond to the motion for judgment on the pleadings was a product of excusable neglect.  Although plaintiff did not respond to defendant's motion for judgment on the pleadings, the Court closely evaluated the sufficiency of plaintiff's allegations and determined that she did not state a claim for wrongful discharge under Kansas law.  Plaintiff does not identify any change in controlling law, new evidence, clear error or manifest injustice which would cause the Court to reconsider its previous order.  Because plaintiff does not challenge the substance of the Court's previous order, her motion to reconsider is overruled.

**II.      Motion For Leave To Amend**

Plaintiff seeks leave to amend her complaint by adding specific allegations in support of her wrongful discharge claim and re-pleading her age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.  Although the Court "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), it maintains discretion in granting such leave, Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir. 1995).  The Court may refuse leave in cases of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive,

failure to cure deficiencies by amendments previously allowed, or futility of amendment." Dopp v. Loring, 245 Fed. Appx. 842, 850 (10th Cir. 2007) (quoting Frank v. U.S. W., Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)).

As noted above, plaintiff filed her motion for leave to amend more than three months after the scheduling order deadline. See Scheduling Order (Doc. #20) at 8 ("Any motion for leave to . . . amend the pleadings shall be filed by **September 14, 2007**."). In the Tenth Circuit, untimeliness alone may be sufficient reason to deny leave to amend. Las Vegas Ice & Cold Storage Co. v. Far W. Bank, 893 F.2d 1182, 1185 (10th Cir. 1990). In particular, "denial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.'" Minter, 451 F.3d at 1206 (quoting Frank, 3 F.3d at 1365-66). Where the party seeking leave to amend knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion for leave to amend is subject to denial. McNulty v. Sandoval County, 2222 Fed. Appx. 770. 775 (10th Cir. 2007) (citing Las Vegas Ice, 893 F.2d at 1185).

Plaintiff argues that the burglary of her attorney's office rendered the office partially inoperable, which caused her attorney to overlook defendant's second motion for judgment on the pleadings. Plaintiff apparently suggests that if she had known of the defects identified in defendant's motion, she would have requested leave to amend sooner. Plaintiff states that she first became aware of the motion after the Court entered its order sustaining the motion on December 18, 2007. The Court, however, finds that plaintiff's explanation for the delay is unpersuasive.

Plaintiff's motion attaches police reports which indicate that her attorney's office was burglarized on July 29, 2007. Eight days later, on August 6, 2007, defendant filed its second motion for judgment on the pleadings. Defendant certified that it served the motion electronically and

through United States mail, which creates a presumption that plaintiff received the motion.  See Whittaker v. Scott, 99 F.3d 1151 (Table), 1996 WL 623238, at *2 (10th Cir. Oct. 29, 1996) (properly filed certificate of service prima facie evidence of service).  Even if plaintiff's attorney legitimately overlooked the motion in the aftermath of the burglary, the Court specifically reminded plaintiff of the motion in its scheduling order on August 15, 2007 – one month before the deadline to amend the complaint.  As noted above, plaintiff appeared at the scheduling conference through her attorney and she later complied with the alternative dispute resolution procedure which the scheduling order prescribed.  These facts suggest that plaintiff received the scheduling order – entered approximately two weeks after the burglary – and was aware of its contents.  In light of the scheduling order's specific mention of the second motion for judgment on the pleadings, the Court gives no credence to plaintiff's claim that she first learned of the motion in December of 2007 after the Court sustained it.  Without any valid explanation for the delay of more than three months beyond the scheduling order deadline to amend the complaint, the Court may properly deny plaintiff's request for leave to amend.  See Durham v. Xerox Corp., 18 F.3d 836, 840 (10th Cir. 1994) (denial of leave to amend justified where plaintiff filed amended complaint three months after scheduling order deadline without explanation for delay); Doelle v. Mountain States Tel. & Tel., 872 F.2d 942, 947 (10th Cir. 1989) (district court did not abuse discretion by denying leave to amend more than three months after scheduling order deadline); Schrag v. Dinges, 144 F.R.D. 121, 122 (D. Kan. 1992) (affirming magistrate denial of leave to amend which plaintiff requested three months after amendment deadline with no excuse); cf. Becerra v. Unified Gov't Of Wyandotte County/Kansas City, Kan., 272 F. Supp.2d 1223, 1227 (D. Kan. 2003) (granting leave to amend after amendment deadline where defendant filed motion to dismiss after amendment deadline).

In addition to undue delay, the Court notes that all of the facts which plaintiff intends to include in her second amended complaint appear to have been available to plaintiff from the outset of the litigation, which cuts against her request for leave to amend. See Sipp v. Unumprovident Corp., 107 Fed. Appx. 867, 877 (10th Cir. 2004) (affirming denial of leave to amend filed two months after deadline in part because plaintiff knew of the basis for amendment when he filed original complaint and gave no justifiable reason for delay). Moreover, the basis for dismissal that defendant advanced in its second motion for judgment on the pleadings was virtually identical to that of the first motion for judgment on the pleadings. Compare Defendant's Memorandum In Support Of Its Motion For Judgment On The Pleadings (Doc. #5) filed July 5, 2007 at 4 (issue whether plaintiff "allege[d] that the Hospital's actions were in violation of rules, regulations, or laws relating to public health, safety, and general welfare"), with Defendant's Memorandum In Support Of Its [Second] Motion For Judgment On The Pleadings (Doc. #18) filed August 6, 2007 at 3 (issue whether "plaintiff's 'fear' of dangerous patient to staff ratios [alleges] that the Hospital's actions were in violation of rules, regulations, or laws relating to public health, safety, and general welfare"). The Court previously granted plaintiff leave to amend her complaint by which she did not sufficiently cure its defects. This also cuts against her request for leave to amend for a second time. See Whayne v. Kan. Dep't of Soc. & Rehab. Servs., No. 97-2107-KHV, 1997 WL 567946, at *2 (D. Kan. Aug. 1, 1997) (denying leave to amend in part because plaintiff "failed to cure previous inadequacies in his pleadings"). Under these circumstances, the Court overrules plaintiff's motion for leave to file a second amended complaint.

III.    **Order To Show Cause**

As noted above, plaintiff brings her age discrimination claim under Title VII, which does not

prohibit such discrimination.  For this reason, the Court ordered plaintiff to show cause why it should not dismiss the claim.  Plaintiff has not directly responded to the show cause order, but she has attempted to cure this defect by re-pleading the claim under the ADEA.  Dismissal of an age discrimination claim which incorrectly relies on Title VII is not appropriate where the complaint provides defendant notice of an otherwise proper cause of action under the ADEA.  See Doss v. S. Cent. Bell Tel. Co., 834 F.2d 421, 425 (5th Cir. 1987) (age discrimination claim under Title VII not dismissed where complaint notified defendant of nature of claim and sufficiently alleged facts which stated claim under ADEA); Valencia v. GEO Group, Inc., No. 05 CV 00296 LTB PAC, 2005 WL 3416118, at *3 (D. Colo. Dec. 12, 2005) (absent late shift in theory of case, age discrimination claim not fatally flawed simply because it cites incorrect statute).

Here, the age discrimination claim in plaintiff's first amended complaint does not substantially differ from the proposed age discrimination claim in plaintiff's second amended complaint.  Plaintiff has simply modified the authority for her claim from Title VII to the ADEA, and the Court finds no apparent insufficiency in her allegations.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) (allegation that defendant terminated plaintiff on basis of age, coupled with details of events leading to termination, sufficient to state age discrimination claim under ADEA).  This suggests that the first amended complaint provides defendant notice of an age discrimination claim which arises under the ADEA.  In fact, in its response to plaintiff's motion, defendant states that it "recognize[d] the inaccuracy of Plaintiff's pleadings" with regard to Title VII and the ADEA.  See Defendant's Response Opposing Plaintiff's Motion To Reconsider And For Leave Of Court To File Second Amended Petition And Response To Show Cause Order (Doc. #30) filed January 2, 2008.  Under these circumstances, the Court will not dismiss for failure to state a claim the age

discrimination claim which plaintiff alleged in her first amended complaint.

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion To Reconsider And For Leave Of Court To File Second Amended Complaint Out Of Time</u> (Doc. #28) filed December 19, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that <u>Plaintiff's First Amended Motion To Reconsider And For Leave Of Court To File Third Amended Complaint Out Of Time</u> (Doc. #42) filed February 18, 2008, which the Court construes as a motion to substitute the proposed second amended complaint, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court finds good cause why it should not dismiss for failure to state a claim plaintiff's age discrimination claim as alleged in the first amended complaint. That claim, which the Court construes as a claim under the ADEA, remains in the case.

Dated this 12th day of March, 2008 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge